**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| LEONARD LOGAN (R-11048) | ) | |
| | ) | |
| Petitioner, | ) | Case No. |
| | ) | |
| vs. | ) | Case Number of State Court Conviction |
| | ) | 97 CR 19288 |
| NEDRA CHANDLER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**PETITION FOR WRIT OF HABEAS CORPUS**

1.  Name and location of court where conviction was entered: Circuit Court of Cook County, Criminal Division

2.  Date of judgment of conviction: November 17, 2000

3.  Offense of which petitioner was convicted: Murder with Intent to Kill/Injure

4.  Sentence imposed: 45 years imprisonment

5.  What was your plea?
    (A)   Not Guilty (X)
    (B)   Guilty (    )
    (C)   Nolo contendere (    )

If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details: N/A

**PART I – TRIAL AND DIRECT REVIEW**

1.  Kind of Trial:        Jury (X)        Judge only (   )

2.  Did you testify at trial?        YES (   )        NO (X)

3.  Did you appeal from the conviction or sentence imposed?
    YES (X)        NO (   )

    (A)   If you appealed, give the:
          (1)   Name of the court:   Appellate Court of Illinois, First Judicial District

      (2)    Result:   Conviction affirmed

      (3)    Date of ruling:   August 20, 2004

      (4)    Issues raised:

Issue #1:     Insufficiency of the evidence at trial

Issue #2:     Impropriety of the State's reference to gangs and misstatements of the evidence

Issue #3:     Ineffective assistance of counsel due to trial counsel's failure to call alibi witnesses.

(B)    If you did not appeal, explain briefly why not:   N/A

4.    Did you appeal, or seek leave to appeal, to the highest state court?   YES (X)     NO  ( )

    (A)    If yes, give the

          (1)    Result:   Denied

          (2)    Date of ruling:   November 24, 2004

          (3)    Issues raised:

Issue #1:     Insufficiency of the evidence at trial

Issue #2:     Impropriety of the State's reference to gangs and misstatements of the evidence

Issue #3:     Ineffective assistance of counsel due to trial counsel's failure to call alibi witnesses.

(B)    If no, why not:    N/A

5.    Did you petition the United States Supreme Court for a writ of *certiorari*?
YES ( )    NO (X)

If Yes give:    (A) date of petition: _____
                (B) date *certiorari* was denied: _____.   N/A

## PART II – COLLATERAL PROCEEDINGS

1.      With respect to this conviction or sentence, have you filed a post-conviction petition in state court?
        YES   (X)      NO (   )

With respect to *each* post-conviction petition give the following information:

First Post-Conviction Petition:
     A.      Name of court:    Circuit Court of Cook County, Criminal Division

     B.      Date of filing:    March 8, 2005

     C.      Issues raised:

          Issue #1:      Ineffective assistance of appellate counsel for failing to raise meritorious issues

          Issue #2:      Mr. Logan was not proven guilty beyond a reasonable doubt, and is a victim of cruel and unusual punishment in having to serve a sentence for a crime he did not commit

          Issue #3:      Violation of his right to due process for admitting pretrial statements as substantive evidence

          Issue #4:      Ineffective assistance of counsel where trial attorney failed to present exculpatory evidence from alibi witnesses

          Issue #5:      Ineffective assistance of counsel where his trial counsel forced him to waive his right to testify

          Issue #6:      Violation of his right to due process by the State's improper closing argument

Supplemental Post-Conviction Petition:
     A.      Name of court:          Circuit Court of Cook County, Criminal Division

     B.      Date of filing: March 16, 2006

     C.      Issues raised:

          Issue #1:      Due process violation where evidence regarding a witness' polygraph examination was introduced without a limiting instruction

          Issue #2:      Ineffective assistance of counsel where trial counsel failed to ensure

a limiting instruction for the jury

Issue #3:    Ineffective assistance of appellate counsel where counsel failed to raise arguments related to the improper admission of polygraph evidence

Issue #4:    Ineffective assistance of counsel where alibi witnesses were promised in opening argument and then never introduced at trial

Issue #5:    Ineffective assistance of counsel where trial counsel failed to present evidence of a contemporaneous 911 tape, describing a shooter other than Mr. Logan

Issue #6:    Ineffective assistance of counsel caused by cumulative errors, including the fact that trial counsel failed to rebut the false assertion by prosecutors that the main eyewitness only recanted her testimony after a visit with petitioner in jail

Second Supplemental Post-Conviction Petition

A.    Name of Court:    Circuit Court of Cook County, Criminal Division

B.    Date of Filing:    File stamped February 22, 2007

C.    Issues raised:

Issue #1:    Ineffective assistance of counsel where trial counsel failed to ask for a mistrial where the state, without any good faith basis, asked a witness on cross-examination whether that witness was biased by the state's failure to provide him with assistance in his own criminal case

D.    Did you receive an evidentiary hearing on your petition?
YES    ( X ) (partial hearing on some issues)NO ( )

E.    What was the court's ruling?    The court declined to grant an evidentiary hearing on some issues.   On the issues that did make it to an evidentiary hearing, the Court denied post-conviction relief.

F.    Date of court's ruling:    November 19, 2009

G.    Did you appeal from the ruling on your petition?   YES (X)  NO (  )

H.    (a)    If yes,

(1)    What was the result?    Affirmed denial of post-conviction relief

(2)     Date of decision:        June 27, 2011

I.     Did you appeal, or seek leave to appeal this decision to the highest state court?
       YES (X)     NO ( )

       (a) If yes:

              (1)     What was the result?  Denial of petition for leave to appeal

              (2)     Date of decision:        November 30, 2011

       (b)     If no, explain briefly why not:

2.     With respect to this conviction or sentence, have you filed a petition in a **state court** using
       any form of post-conviction procedure, such as *coram nobis* or habeas corpus?
       YES ( )          NO (X)

       A.     If yes, give the following information with respect to each proceeding (use separate
              sheets if necessary):

              1.     Nature of proceeding

              2.     Date petition filed

              3.     Ruling on the petition

              4.     Date of ruling

              5.     If you appealed, what was the ruling on appeal?

              6.     Date of ruling on appeal

              7.     If there was a further appeal, what was the ruling?

              8.     Date of ruling on appeal

3.     With respect to this conviction or sentence, have you filed a previous petition for habeas
       corpus in **federal court**?        YES ( )        NO (X)

       A.     If yes, give the name of court, case title and case number:     N/A

       B.     Did the court rule on your petition?   If so, state:

              (1)     Ruling:

              (2)     Date:

4.  With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition?     YES ( )     NO (X )

    If yes, explain:

## PART III – PETITIONER'S CLAIMS

1.  State briefly every ground on which you believe you are being held unlawfully. Summarize briefly the facts supporting each ground.   You may attach additional pages stating additional grounds and supporting facts.   If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

### Introduction

Leonard Logan stands convicted of murder on the thinnest of evidence - the fact that one of eight stories a witness gave to police implicated Leonard Logan in a drive-by shooting that left someone dead.   After testifying as much to the grand jury, that witness, Latonya Payton, recanted her statement prior to trial, and testified at trial that it was false.   She was impeached by prosecutors on the stand, and her prior statement that she had been in the car with Leonard Logan during the shooting was the critical evidence presented against Leonard Logan at trial.   This evidence was razor thin, so thin that on direct appeal one appellate judge concluded that the evidence was insufficient to convict Mr. Logan.

Because the evidence was thin, prosecutors needed some help to convict Leonard Logan, and they received that help in the form of significant constitutional errors that contributed to Mr. Logan's conviction.   Those errors, discussed below, fall into two categories.   First, in the face of a paucity of evidence, Mr. Logan's counsel was ineffective.   His trial counsel allowed prosecutors to present evidence that Latonya Payton failed a polygraph exam, and failed to ensure that the jury received an appropriate limiting instruction about this evidence.   Trial counsel failed to use a contemporaneous 911 tape to impeach another witness and described a shooter that did not match Mr. Logan's description. When the state implied that Ms. Payton had recanted only after talking to Mr. Logan in the county jail, Mr. Logan's counsel failed to present evidence that her recantation occurred before that visit.   Counsel failed to present alibi evidence showing that at the time of the shooting Mr. Logan was out of town visiting family in Milwaukee, but he promised the jury in opening statements they would hear such evidence.   Mr. Logan also wanted to testify in his own defense and was forced by defense counsel to waive that right.   Finally, counsel failed to ask for a mistrial when the state, without a good faith basis for asking the question, inquired of an eyewitness (and relative of the victim) who testified that Mr. Logan was not the shooter whether that witness was angry at the state that he had not received assistance on his own criminal case. Counsel's errors were cumulative as well as individual.   When Mr. Logan's appellate counsel took over the case, he also failed to raise meritorious issues on appeal.

6

Second, this trial violated Mr. Logan's right to due process. There was insufficient evidence to convict Mr. Logan. The state only overcame this insufficient evidence because it introduced evidence about Ms. Payton's failing a polygraph exam, the introduction of which also violated Mr. Logan's right to due process.

Mr. Logan raised these issues in the courts below during post-conviction proceedings. He did receive an evidentiary hearing on certain of these issues, including those issues related to the polygraph evidence and the failure to present alibi witnesses. The Illinois state courts found that the polygraph evidence was properly admitted, and that the alibi witnesses would not have assisted Mr. Logan. These conclusions contained unreasonable factual findings and unreasonably applied clearly established federal law. Mr. Logan deserves a new trial to correct these errors.

Mr. Logan lays out his specific grounds for relief below, but also requests, both herein and in an accompanying motion, the opportunity more fully brief the legal issues involved in order to more fully present his claims.

**(A)     Ground #1:   Leonard Logan was denied effective assistance of counsel under the Sixth and Fourteenth Amendments when his trial counsel used threats to coerce Mr. Logan into foregoing his right to testify at trial.**

<u>Supporting Facts</u>:

Mr. Logan expressed his desire to testify at trial, but his trial counsel refused to let Mr. Logan exercise that right. During the trial, Mr. Logan's trial counsel threatened to quit the case if Mr. Logan insisted on taking the witness stand. Counsel asserts that the decision for Mr. Logan not to testify was both his choice and based on a legitimate trial strategy, but neither of these assertions is supported by the factual record.

Mr. Logan has exhausted this claim in the state courts of Illinois, but he has not received a hearing on the merits of this claim. Mr. Logan was granted an evidentiary hearing on other claims, but he was silenced on this issue when he tried to argue it at the evidentiary hearing, and no court has ever advanced any legal reason for Mr. Logan to be denied a hearing on this issue.

**(B)     Ground #2:   Mr. Logan was denied effective assistance of counsel under the Sixth and Fourteenth Amendments when his trial counsel promised alibi witnesses in opening remarks and then failed to call them during the course of the trial.**

<u>Supporting Facts</u>:

Mr. Logan's trial counsel promised the jury an alibi defense in opening statements and then failed to call alibi witnesses, over Mr. Logan's objection. Alibi witnesses place Mr. Logan in Milwaukee during the time period that this crime took place, and two witnesses appeared in court to testify to those facts, but Mr. Logan's trial counsel did not call them. Nothing occurred between opening statements and the end of the trial that would merit such a reversal. In a post-trial motion and at an evidentiary hearing, Mr. Logan's trial counsel advanced different

theories and alleged different facts justifying this decision, but again, his purported explanation is not supported by the record, and his explanation advances no justifiable legal strategy.

Mr. Logan's alibi witnesses signed affidavits to the veracity of their story and they appeared at an evidentiary hearing to attest to the facts. Both witnesses and a legal clerk refute the stories that Mr. Logan's trial counsel has given for his reasons in not calling the witnesses. Mr. Logan was denied relief on this claim at an evidentiary hearing below in which the court made unreasonable findings of fact and unreasonable applied clearly established federal law.

**(C)     Ground #3:   Mr. Logan was denied effective assistance of counsel under the Sixth and Fourteenth Amendments when his trial counsel failed to admit evidence of a contemporaneous 911 call with a description of the shooter that did not match Mr. Logan.**

Supporting Facts:

Mr. Logan's trial counsel was aware of a contemporaneous 911 phone call that described shooter other than Mr. Logan, but he failed to admit evidence of this phone call into the record, prejudicing Mr. Logan's defense. Mr. Logan tried to seek an evidentiary hearing on this issue in the Illinois courts, but was denied, without explanation, the opportunity to present this issue at an evidentiary hearing.

**(D)     Ground #4:   Mr. Logan was denied effective assistance of counsel under the Sixth and Fourteenth Amendments when his trial counsel failed to argue for an effective limiting instruction regarding evidence that the main eyewitness failed a polygraph exam, and failed to object to improper closing arguments.**

Supporting Facts:

As described above, the state successfully introduced evidence that after Latonya Payton failed a polygraph exam, she told police that she had been in the car with Leonard Logan when he did the drive-by shooting in this case. This was improper, as described below, and particularly damaging because Leonard Logan's counsel failed to seek a meaningful limiting instruction to the jury that they could only consider this evidence to evaluate whether that statement was given voluntarily, and for no other purpose. Trial counsel also failed to object to closing arguments where the state continued to present argument that Latonya Payton had failed a polygraph exam. This failure compounded the introduction of the evidence in the first place and gave the jury license to speculate on the meaning of that evidence. Mr. Logan was denied relief on this claim at an evidentiary hearing in which the court made unreasonable findings of fact and unreasonable applied clearly established federal law.

**(E)     Ground #5:     Mr. Logan was denied effective assistance of counsel under the Sixth and Fourteenth Amendments through cumulative errors made by trial counsel.**

Supporting Facts:

     The errors above, as well as his counsel's failure to elicit testimony that Latonya Payton recanted before she met with Mr. Logan in the Cook County Jail, and counsel's failure to ask for a mistrial when the state inquired of a witness on cross-examination, without any good-faith basis, whether that witness was angry that the state had not assisted him with his own criminal case, were cumulative errors.  Each of these errors, as laid out above, is sufficient for relief under the Constitution of the United States, and when read together, the sum prejudice of these errors is irrefutable evidence that Mr. Logan was denied a fair trial under the law due to the ineffective assistance of counsel.

**(F)     Ground #6:     Mr. Logan was denied his right to due process under the Fifth and Fourteenth Amendments where the court allowed the introduction of evidence that Latonya Payton had failed a polygraph exam.**

Supporting Facts:

     An eyewitness witnessed the shooting in this case and wrote down the plate number of the vehicle he had seen the shooter riding in.   That plate number tracked back to a car rented by Latonya Payton.   Police took Latonya Payton into custody.   She gave numerous statements to the police.   It wasn't until her eighth and final version of events that she finally implicated Leonard Logan in the shooting.   And this eighth and final version came after she was taken for a polygraph exam.   When she recanted this version of events and testified at trial that Leonard Logan had not been involved, prosecutors introduced evidence that she only gave this eighth and final version of events after failing a polygraph exam.   The introduction of the evidence that she failed violates Leonard Logan's right to due process, as does the state's closing argument where it repeatedly argued the polygraph showed that Ms. Payton was a liar.   Such evidence is prejudicial and has no bearing on his guilt and innocence.   Mr. Logan was denied relief on this claim at an evidentiary hearing in which the court made unreasonable findings of fact and unreasonable applied clearly established federal law.

**(G)     Ground #7:  Mr. Logan was denied his right to due process under the Fifth and Fourteenth Amendments where he was convicted of a crime without sufficient evidence to support the conviction.**

Supporting Facts:

     Mr. Logan was convicted on the recanted story of one witness, who told investigators eight versions of the events.   Individual witnesses, present at the scene of the crime, and involved in the investigation afterwards have described a shooter that could not have been Mr. Logan.   No rational trier of fact could have found guilt beyond a reasonable doubt based on the record available at trial.

**(H)    Ground #8:   Mr. Logan was denied the effective assistance of appellate counsel under the Sixth and Fourteenth Amendments when his appellate counsel failed to raise meritorious issues in this case.**

Supporting Facts:

     To the extent that this Court finds that Mr. Logan failed to exhaust any of the above claims, then Mr. Logan's counsel on direct appeal was ineffective for failing to raise those claims on direct appeal.   In particular, appellate counsel was ineffective for failing to raise on direct appeal the impropriety of introducing polygraph results evidence, the improper closing arguments, and trial counsel's failure to seek a proper limiting instruction.   These errors by appellate counsel prevented Mr. Logan from properly appealing errors made during trial.

**(I)    Ground #9:   The above errors, cumulatively, so infected Mr. Logan's trial that they violated his right to due process under the Fifth and Fourteenth Amendments.**

Supporting Facts:

     Even if this Court concludes that certain of the claims above did violate Mr. Logan's rights, but that those violations were not sufficiently prejudicial to warrant a new trial, the errors described above so infected his trial as to deny him the right to due process under the Fifth and Fourteenth Amendments.

2.     Have all grounds raised in this petition been presented to the highest court having jurisdiction?
     YES    ( )     NO    ( X )

3.     If you answer **"NO"** to question (2), state briefly what grounds were not so presented and why not:

     Grounds number 5 and 9, which are cumulative error claims, were not explicitly raised in the courts below, but each component of those cumulative error claims were raised to the Illinois Supreme Court.


**PART IV – REPRESENTATION**
Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A)    At preliminary hearing:

     unknown

(B)    At arraignment and plea:

     unknown

10

(C)     At trial:

Martin Kelly (current address unknown)
Anthony Thomas
Office of the Cook County Public Defender
2650 S. California Ave.
Chicago, IL   60608

(D)     At post-trial motions and sentencing:

Scott Frankel
Frankel & Cohen
53 West Jackson Boulevard Suite 1615
Chicago, IL 60604-3606

(E)     On appeal (direct appeal and PLA)

Timothy Lemming
Office of the Cook County Public Defender
69 W Washington Street
Street 1500
Chicago, IL 60602-3021

(F)     In any post-conviction proceeding:

Initial post-conviction counsel:
Douglas H. Johnson
Kathleen T. Zellner & Associates
1901 Butterfield Road, Suite 650
Downers Grove, IL 60515

Later post-conviction counsel:
Tara Thompson
The Exoneration Project
    at the University of Chicago Law School
6020 S. University Ave.
Chicago, IL   60637

(G)     Other (state): N/A

**PART V – FUTURE SENTENCE**
Do you have any future sentence to serve following the sentence imposed by this conviction?
YES    (   )   NO (X)

Name and location of court which imposed the sentence: N/A

Date and length of sentence to be served in the future:     N/A

       WHEREFORE, petitioner asks that the Court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: _____8/6/2012_____    ___/s/ Tara Thompson_____
                (Date)                        Signature of attorney (if any)


Tara Thompson
THE EXONERATION PROJECT
   at the University of Chicago Law School
6020 S. University Ave.
Chicago, IL   60637
(312) 243-5900 (tel)
(312) 243-5902 (fax)

*This form was prepared with substantial assistance from Ingrid Scholze, law student at the University of Chicago Law School