IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America ex rel. ) | |
| LEONARD LOGAN, ) | |
| ) | Case No. 12 CV 6170 |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| NEDRA CHANDLER, Warden, ) | |
| ) | Judge Kennelly |
| Respondent. ) | |

**PETITIONER'S MOTION TO STAY
RULING PENDING PETITIONER'S INVESTIGATION
OF POTENTIAL NEW ISSUES IN THE CASE**

NOW COMES Petitioner Leonard Logan, by and through his counsel, and presents this motion to stay any ruling on Petitioner's Petition for Writ of Habeas Corpus until November 12, 2014, give his counsel time to investigate and address potential new issues in Petitioner's case. In support of this Motion, Petitioner states as follows:

1. This Court now has before it Leonard Logan's Petition for Writ of Habeas Corpus. This Court granted Mr. Logan an evidentiary hearing to give him the opportunity to demonstrate that his trial counsel was ineffective. (Dckt. No. 41.) During that evidentiary hearing, held February 18-20, 2014, this Court heard evidence related to Mr. Logan's counsel's failure to investigate Mr. Logan's alibi defense.

2. As was presented to this Court at the evidentiary hearing, Mr. Logan was arrested in this case by a Chicago Police Officer Glenn Evans. There was evidence presented at the hearing that Mr. Logan had a prior encounter with Glenn Evans, who shot him. Mr. Logan had a

civil lawsuit pending against Officer Evans at the time of his arrest. Mr. Logan testified that he went to Milwaukee at the advice of his then-attorney, who told Mr. Logan he should avoid Officer Evans.

3. Officer Evans' involvement in Mr. Logan's case did not end with his arrest. There are other reports in this case indicating that Officer Evans interviewed witnesses, helped other detectives locate witnesses, and gave investigating officers information about Mr. Logan.

4. Over the last two weeks, Mr. Logan's current counsel has learned that now-Commander Evans was just indicted and charged with aggravated battery and official misconduct stemming from a 2013 incident in which Commander Evans allegedly put the barrel of his service weapon into an arrestee's mouth, and also allegedly put a Taser weapon into the arrestee's crotch and threatened to kill him. (Exhibit 1, Chicago Tribune, "Indictment charges police commander with shoving gun barrel down suspect's throat," September 18, 2014.)

5. Moreover, the press coverage resulting from that indictment has revealed that Commander Evans has a long history of misconduct complaints, including 50 complaints since 2001, and is part of various "repeater" lists produced by the Chicago Police Department in response to Freedom of Information Act requests related to officers with multiple complaints. News coverage of those lists reports that Commander Evans had nine complaints of excessive force between May 2002 and December 2008. (Exhibit 2, Chicago Tribune, "Indicted cop leader drew 36 complaints in 8 years," Sept. 24, 2014.) Most relevant to Mr. Logan's case:

> [A]dditional records obtained through FOIA requests show that earlier in his career Evans had been suspended from his duties at least 10 times, mostly while a young officer on the South Side. Half of those suspensions stemmed from excessive-force complaints, two of which resulted in separate 15-day suspensions, according to the records.

(Id.) The expansiveness and breadth of these complaints were only made available through the Freedom of Information Act ("FOIA") several months after the Illinois Appellate Court decided

2

Kalven v. City of Chicago, 2014 IL App (1st) 121846, and the City of Chicago decided not to appeal that decision and began producing complaint register files in response to FOIA requests. (Id.)

6. Although not a witness at the recent evidentiary hearing before this Court, then-Officer Evans' conduct and his connection with Mr. Logan's conviction were connected to the evidence the Court heard. Mr. Logan testified that he told his trial attorneys that Officer Evans was a defendant in a civil lawsuit he was pursuing at the time he was arrested in this case, and that he believed Evans framed him in this case because Evans had shot Logan in the past and then accused Logan of disarming him. (Dckt. No. 60 at 415, 433-34; Dckt. No. 64 at 188-93.) The evidence presented at the hearing, which is undisputed, is that Evans's name was in the discovery and that Logan discussed Evans with someone, and at the least that proof of those conversations made it into the file that his trial lawyers saw. (Dckt. No. 60 at 465; Dckt. No. 64 at 188-91.) As Logan explained, his alibi in this case, that he was in Milwaukee, was connected with Officer Evans - his prior counsel told him to avoid Evans, leading Logan to go to Milwaukee. (Dckt. No. 60 at 432.) Finally, Logan's attorneys testified that one reason they did not use an alibi defense was because they were concerned that evidence about what Mr. Logan had on him when he was arrested (by Evans) might come in on rebuttal. (Dckt. No. 64 at 90-91; Dckt. No. 60 at 239-40; See also Exhibit 3, June 20, 1997 Supplementary Report.)

7. As Mr. Logan's counsel advised this Court in the post-hearing pleadings, this Court does not have before it a claim as to whether Mr. Logan's trial counsel was somehow ineffective for failing to present evidence or testimony that Logan was being framed by Evans, or evidence or testimony that Commander Evans had committed any kind of misconduct in Mr. Logan's case. In light of Commander Evans' arrest and the significant history of misconduct

revealed in connection with that arrest, however, Mr. Logan's counsel wishes to consider whether there is any evidence or argument raised by these developments that Mr. Logan should bring before this Court. Further, Mr. Logan should have an opportunity to consider whether there is anything raised by these developments that would warrant a stay of the proceedings before this Court for Mr. Logan to raise issues in state court.

8. In particular, Mr. Logan and his counsel are seeking a brief extension of time to obtain more complete information through FOIA of complaints made against Commander Evans and to analyze and consider what, if any, action Mr. Logan should take in light of this information and the evidence presented to this Court. Counsel needs this time in order to meet and confer with Mr. Logan, who is incarcerated. Counsel is seeking several weeks to seek these documents and confer with her client because counsel's wedding is on November 1, 2014, and counsel will be gone for a portion of the week thereafter on her honeymoon. This extension of time would prejudice neither party and would ensure that full information can be presented to this Court. It is therefore in the interests of justice for this Court to grant Mr. Logan a brief extension of time to assess these developments.

9. Prior to the filing of this motion, counsel for Mr. Logan conferred with counsel for Respondent in an effort to reach an agreement on this Motion. The Respondent indicated that it could not agree with this Motion.

WHEREFORE, for the above reasons, Mr. Logan respectfully requests that this Court grant Mr. Logan until November 12, 2014, to assess whether his counsel should make any further filings related Mr. Logan's pending petition.

Respectfully Submitted,

/s/ Tara Thompson

Jon Loevy
Tara Thompson
David B. Owens
THE EXONERATION PROJECT
 at the University of Chicago Law School
6020 S. University Avenue
Chicago, IL 60637
(312) 789-4955

DATE: October 9, 2014

## **CERTIFICATE OF SERVICE**

      I, Tara Thompson, an attorney, certify that on October 9, 2014, I sent by electronic means a copy of the attached Motion to Stay Ruling Pending Petitioner's Investigation of Potential New Issues In the Case, to counsel of record through this Court's CM/ECF System.

                                                                 /s/Tara Thompson