IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America ex rel. | ) | |
| LEONARD LOGAN, | ) | |
| | ) | Case No. 12 CV 6170 |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DONALD ENLOE, Acting Warden, | ) | |
| | ) | Judge Kennelly |
| Respondent. | ) | |

**STATUS REPORT REFLECTING LEONARD LOGAN'S POSITION
ON A BIFURCATED RULING ON HIS HABEAS CLAIMS**

Petitioner Leonard Logan provides the following report reflecting his position on a bifurcated ruling on his habeas claims:

**Introduction**

1. In January 2015, this Court granted Logan's motion to stay his federal habeas proceedings while he exhausts certain claims in Illinois state court. (Dckt. No. 78.)

2. On June 9, 2015, the Circuit Court of Cook County granted Logan leave to file a successive post-conviction petition raising those claims.

3. The case is pending in the Circuit Court, where the next status date is April 18, 2016. Logan still does not know when the state will file either an answer or a motion to dismiss in response to his successive state post-conviction petition.

4. In a status before this Court on March 28, 2016, this Court advised the parties that it was contemplating a bifurcated ruling on Logan's claims. The Court indicated it might rule on

Logan's exhausted claims that were the subject of the evidentiary hearing held February 18, 19 and 20, 2014, and reserve ruling on Logan's additional claims amended to his petition on December 23, 2014 (Dckt. No. 76) that remain stayed pending exhaustion in state court. (Dckt. No. 78.) The Court directed the parties to file a status report reflecting the parties' position on this potential manner of addressing Logan's claims.

5. Counsel for Logan and for respondent conferred about these issues following the March 28 status. Counsel for respondent advised Logan's counsel that because the parties' views diverged on these issues, and for respondent's counsel's convenience to complete its filing, respondent wished to file a separate status report.

## STATEMENT OF POSITION

### I. This Court Can Enter a Partial, Non-Final Judgment on Logan's Exhausted Claims

6. Logan reports that a non-final resolution of some, but not all, of his claims pursuant to Federal Rule of Civil Procedure 54(b) is permissible in the Seventh Circuit. The Federal Rules of Civil Procedure apply to proceedings for habeas corpus to the extent that the aspect of practice at issue "is not specified in a federal statute" and "has previously conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(4). The entry of judgements is not addressed in the habeas statutes and has traditionally followed the Rules of Civil Procedure. Here, the Court appears to contemplate the entry of a final judgment pursuant to Federal Rule of Civil Procedure 54(b), or simply a non-final partial judgment prior to the resolution of Logan's unexhausted claims.

7. If this Court intends to enter a partial judgment on the exhausted claims, it should do so as a non-final partial judgment. The Seventh Circuit has previously commented that the entry of judgment on one but not all claims in a habeas petition operates as a final judgment.

*Sprosty v. Buchler*, 79 F.3d 635, 645 (7th Cir. 1996) (citing *Phifer v. Warden*, 53 F.3d 859, 862-63 (7th Cir. 1995); *Blazak v. Ricketts*, 971 F.2d 1408, 1410-12 (9th Cir. 1992) (*per curiam*) (collecting cases), *cert denied*, 511 U.S. 1097 (1994); *cf Stewart v. Peters*, 958 F.2d 1379, 1388 (7th Cir. 1992)). In *Stewart*, which the *Sprosty* decision cites, the Seventh Circuit explained that "[t]he better practice in habeas corpus death cases is for the judge to rule on *all* the grounds presented in the petition, so that the appellate court can decide the entire case in one round, without the interminable delays that characterize postconviction proceedings in such cases." *Id.* at 1388 (internal citations omitted). Other Seventh Circuit cases also recommend that district courts "rule on the merits of habeas petitions in the first instance." *Freeman v. Chandler*, 645 F.3d 863, 868 (7th Cir. 2011) (citing *Holleman v. Duckworth*, 155 F.3d 906, 912 (7th Cir. 1998), but pointing to *Sprosty* and *Kaczmarek v. Rednour*, 627 F.3d 586 (7th Cir. 2010) as authority that the Seventh Circuit can reach the merits of a habeas claim even if the district court did not rule on that claim).

8. At least one other circuit court has described the rule in the Seventh Circuit as one where a partial ruling on a federal habeas petition should not serve as a final appealable order under Rule 54(b). In *Foxworth v. Maloney*, 515 F.3d 1 (1st Cir. 2008), the First Circuit deferred the question of whether a partial ruling is an appealable order in that circuit, and explaining that the Eleventh and Eighth Circuit have allowed courts to certify partial dispositions as appealable under Rule 54(b), but describing the Seventh, Ninth and Fifth Circuits as "less sanguine about the proposition." *Id.* at 3, n.1 (*citing Clisby v. Jones*, 960 F.2d 925, 936, 937 n. 17 (11th Cir. 1992) (en banc); *Stewart v. Bishop*, 403 F.2d 674, 676-80 (8th Cir. 1968); *Sprosty*, 79 F.3d at 645; *Blazak*, 971 F.2d at 1411-12; *Young v. Herring*, 777 F.2d 198, 201-02 (5th Cir. 1985)).

9. Logan notes that all of these cases relied on by *Sprosty*, and *Sprosty* itself, were decided before the passage of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") (*Sprosty* was decided a month before), which is what gave rise to the stay and abey procedures this Court adopted in his case. *See Rhines*, 544 U.S. at 276. While some courts, as described above, have interpreted *Sprosty* as requiring or assuming that any entered judgment is a final judgment, Logan can find no law preventing this Court from entering a non-final partial judgment on Logan's exhausted claims while reserving ruling on Logan's unexhausted claims pending the exhaustion of those claims below.

10. The AEDPA landscape in which Logan finds himself also suggests that a non-final partial judgment is in the interests of justice here. Rather than waiting for the Court to address his exhausted claim, Logan had to file an amended mixed petition in order to comply with the timing requirements of AEDPA and to avoid a situation where, if he did not prevail, he later had to seek leave to file a successive habeas petition. If this Court enters a final judgment without giving Logan time to address his unexhausted claim, and one of the parties to this case seeks to appeal that decision, the Seventh Circuit cannot address the unexhausted claim except to deny it on the merits. 28 U.S.C. § 2254(b). That would result in the Seventh Circuit either remanding the unexhausted claim back to this Court for resolution, denying the claim on its merits, or determining the claim is moot because Logan deserves relief on his exhausted claim. Obviously this may not be a concern to Logan if he prevails, but if he does not prevail, then this resolution may leave him without the opportunity to develop a factual record at the state court level before the federal courts dispose of his unexhausted claim. In any event, there is some chance regardless of how the Court rules on the exhausted claim that the unexhausted claim returns to this Court in the future. For all of those reasons, the best practice in the Seventh

4

Circuit, as articulated in the above cases, is for the District Court to resolve all of a habeas petitioner's claims on the merits prior to any potential appeal.

## II. Logan May Soon Ask This Court to Rule on His Unexhausted Claims Because Undue Delay Has Denied Him an Effective State Corrective Process

11. This Court can grant relief on an unexhausted claim if "circumstances exist that render [a state corrective process] ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). Undue delay by a state court hearing an unexhausted claim can render a state corrective process ineffective within the meaning of § 2254(b). *Jenkins v. Gramley*, 8 F.3d 505, 508 (7th Cir. 1993) ("Undue delay by a state court might show that available state remedies have been exhausted, permitting the federal court to proceed even while the state appeal was pending.") (citing *Hankins v. Fulcomer*, 941 F.2d 246 (3d Cir. 1991); *Harris v. Champion*, 938 F.2d 1062 (10th Cir. 1991)). An inordinate delay can be as short as seventeen months. *See Sceifers v. Trigg*, 46 F.3d 701, 703 (7th Cir. 1995). If a delay is inordinate, the court should consider whether the delay is attributable to the state and whether the delay is justifiable. *See Lane v. Richards*, 957 F.2d 363, 365 (7th Cir. 1992).

12. In this case, on December 21, 2014, Logan sought leave to stay habeas proceedings to exhaust his unexhausted claims. (Dckt. No. 73.) He was granted such leave on January 21, 2015, as long as he filed a motion for leave to file his successive post-conviction petition by February 25, 2015, which he did. (Dckt. No. 78.) The state court considered Logan's motion for leave to file for four months, granting him leave to file on June 9, 2015.

13. Since Logan filed his motion for leave to file, roughly fourteen months have passed. With Logan's post-conviction petition docketed, it is the state's responsibility to review the pleadings and determine whether it intends to answer the pleadings and set this matter for a hearing, or to move to dismiss the petition. *See* 725 ILCS 5/122-5. Since the Conviction Integrity

Unit of the Office of the Cook County State's Attorney's Office appeared on the case, that office has sought extensions to continue to review the case and consider its response.

14. Logan acknowledges that under the relevant law, even if all the time that has passed is attributed to the state's delay, the time frames in this case remain on the outskirts of undue delay. However, if the state is not prepared to file an answer or a response to Logan's pleadings at the next state court status on April 18, and this case is further delayed, Logan intends to seek, in the near future, for this Court to lift the stay on his unexhausted claims. If successful, this Court could then proceed on his unexhausted claims because undue delay at the state court level has rendered the state corrective process ineffective for Logan. *See Jenkins*, 8 F.3d at 508.

15. Logan recognizes that such a motion is not yet before the Court, that respondent does not yet have any obligation to respond to an unfiled argument on this issue, and that this Court cannot rule on prospective potential issues. Logan raises this issue to make the point that, while as it stands there is no end in sight to the state court process, that does not mean that the remainder of this petition cannot be resolved in the relative short term before this Court. The existence of this doctrine is further reason that this Court should enter a non-final judgment as to Logan's exhausted claim.

**Conclusion**

For all of the above reasons, this Court has the authority to enter a judgment resolving Logan's exhausted habeas claims. This Court should not enter a final judgment, but a non-final partial judgment to allow Logan to continue to pursue his unexhausted claims in state court.

Respectfully Submitted,


/s/ Tara Thompson


Jon Loevy
Tara Thompson
David B. Owens
THE EXONERATION PROJECT
  at the University of Chicago Law School
6020 S. University Avenue
Chicago, IL 60637
(312) 789-4955
Counsel for Petitioner

DATE:	April 14, 2016

**CERTIFICATE OF SERVICE**

    I, Tara Thompson, an attorney, certify that on April 14, 2016, I sent by electronic means a copy of the attached Status Report on State Court Proceedings, to counsel of record through this Court's CM/ECF System.

                                                    /s/ Tara Thompson