## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| United States of America ex rel. | ) | |
| LEONARD LOGAN, | ) | |
| | ) | Case No. 12 CV 6170 |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NEDRA CHANDLER,[1] | ) | |
| | ) | Judge Kennelly |
| Respondent. | ) | |

## PETITIONER LEONARD LOGAN'S
## MOTION FOR THIS COURT TO LIFT THE STAY
## AND ALLOW PETITIONER TO LITIGATE HIS UNEXHAUSTED CLAIMS

NOW COMES Petitioner Leonard Logan, by and through his counsel The Exoneration

Project, and files this motion requesting that this Court lift the stay of this matter and allow

Petitioner to litigate his unexhausted claims before this Court due to inordinate delay in the state

court proceedings under 28 U.S.C. § 2254(b)(1)(B)(ii).  Mr. Logan originally sought to stay

these proceedings because he wanted to ensure that this Court would also have the opportunity to

consider the important issues about a pattern of police misconduct that Mr. Logan first

uncovered while this Court was considering his exhausted habeas claims.  The state court

proceedings addressing his unexhausted claims have now taken more than two years without any

response from the state on these unexhausted claims, and have concerned Petitioner Logan, who

is eligible for mandatory supervised release (formerly parole) in November of 2019.  Petitioner

believes that given the length of time it has taken his state post-conviction proceedings to get

---

[1] Mr. Logan notes that the Warden of Dixon Correctional Center, where Mr. Logan is incarcerated, is now John
Varga, and that it may therefore be appropriate to substitute Mr. Varga as the appropriate Respondent in this case.

underway, with no end in sight for a substantive ruling on his unexhausted claims, this Court should intervene to ensure he can have meaningful review of those claims prior to his release, when federal court jurisdiction of his habeas petition will evaporate. In support of this motion, Petitioner states as follows:

## Factual Background

1. The present habeas petition has been pending before this Court since August 6, 2012. (Dckt. No. 1.) After considering the briefing of the parties, on November 21, 2013, this Court entered an order denying Petitioner's petition in part, but granting Petitioner an evidentiary hearing on his ineffective assistance of trial counsel claims concerning an alibi defense. (Dckt. No. 41.) The Court held an evidentiary hearing in February of 2014, and thereafter allowed the parties time to submit post-hearing briefing. (Dckt. Nos. 54-59, 63, 65-66.)

2. In October of 2014, while this matter remained on this Court's docket pending a ruling following the hearing, Mr. Logan filed a motion to stay these proceedings so that his counsel could investigate potential new issues in Mr. Logan's case. (Dckt. No. 67.) At that time, Petitioner's counsel advised the Court that she had become aware that Glenn Evans, a Chicago Police Officer who had been centrally involved in the investigation of Mr. Logan and in his arrest and prosecution in this case, had been arrested and charged with aggravated battery and official misconduct. (Id. at 2.) Counsel advised the Court that she had also become aware of a series of complaints against Glenn Evans that could raise additional constitutional claims for Mr. Logan to pursue. (Id. at 2-3.) This Court allowed Petitioner time to investigate these issues, and in December of 2014, Petitioner filed a motion to amend his habeas petition and to stay and abey these proceedings so that Mr. Logan could pursue and potentially exhaust in state court additional issues, including that his counsel was ineffective for failing to investigate and raise

issues about Glenn Evans' pattern of misconduct, that the State withheld exculpatory evidence from him about Glenn Evans' pattern of misconduct. (Dckt. No. 73 at 4, 9.) This motion also raised the argument that he should be allowed to pursue any procedurally-defaulted claims because he had recently obtained an affidavit from an eyewitness that saw this shooting who has averred that the shooter was not Leonard Logan, and who has identified the true shooter in his affidavit. (Id. at 10-11 and Ex. C, Affidavit of Erven Walls.)

3.    On January 21, 2015, this Court granted Mr. Logan's motion to amend his habeas petition and to stay and abey these proceedings pending his filing of a motion for leave to file a successive post-conviction petition in state court. (Dckt. No. 78.)

4.    Mr. Logan filed a motion for leave to file a successive post-conviction petition before the Circuit Court of Cook County on February 25, 2015. (Dckt. No. 80 at 1.) In June of 2015, the state court granted Mr. Logan leave to pursue his successive post-conviction petition, thus docketing the petition and beginning its litigation in state court. (Dckt. No. 84 at 1.)

5.    The Conviction Integrity Unit of the State's Attorney's Office has been investigating Mr. Logan's petition and has been appearing in the case since 2015. That unit is tasked with reviewing claims of actual innocence or wrongful conviction. Mr. Logan did not request that this unit be assigned to review his case, but he also has not objected to this unit's involvement in the post-conviction case.

6.    Upon the docketing of a post-conviction case in Illinois, the State is normally afforded 30 days to either answer the petition, or to file a motion to dismiss it in whole or in part. 725 ILCS 5/122-5. Under Illinois law, the court may afford the state more than 30 days to respond. Id. Since the docketing of Mr. Logan's petition in June of 2015, the state has not answered or moved to dismiss his petition. The Conviction Integrity Unit has taken some

3

extensions in order to investigate and consider Mr. Logan's case, and the parties have also conferred about post-conviction DNA testing.

7.      In July 14, 2016, the state court entered an agreed order to allowed the Illinois State Police to swab for DNA evidence a cell phone in this case that was collected from the car identified at the scene of the crime as being driven by the shooter.  Although this order was agreed, this testing was done at the suggestion of and on the motion of the state.  Moreover, the state court advised the parties in early 2017 that it would stay the remainder of the proceedings until the DNA testing was concluded, a stay that Petitioner did not seek.  (Dckt. No. 91 at 2.) The Court advised the parties about the stay when counsel sought leave to address discovery matters while the DNA testing was pending, and was advised by the Court that there would be no other proceedings on this case until the DNA results were returned by the Illinois State Police Laboratory.  The next state court status in this matter is on August 31, 2017.

8.      In the interim, this Court last sought a status report from the parties to this habeas proceeding in March of 2016.  (Dckt. No. 86.)  In a status before this Court on March 28, 2016, this Court advised the parties that it was contemplating a bifurcated ruling on Mr. Logan's claims.   At the Court's direction, Mr. Logan filed a status report reflecting his position on these issues.  (Dckt. No. 88.)  Mr. Logan advised the Court that it believed this Court could enter a partial, non-final judgment on Mr. Logan's unexhausted claims.  (Id. at 2-3.)  Mr. Logan also advised the Court that he believed that it might soon be time for this Court to determine whether circumstances exist to render the Illinois state court corrective process ineffective to protect Mr. Logan's rights under 28 U.S.C. § 2254(b)(1)(B)(ii).  (Id. at 5-6.)  As set forth in this motion, Mr. Logan believes that time has now come.

4

**Argument**

9. This Court can grant relief on an unexhausted claim if "circumstances exist that render [a state corrective process] ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). Undue delay by a state court hearing an unexhausted claim can render a state corrective process ineffective within the meaning of § 2254(b). *Jenkins v. Gramley*, 8 F.3d 505, 508 (7th Cir. 1993) ("Undue delay by a state court might show that available state remedies have been exhausted, permitting the federal court to proceed even while the state appeal was pending.") (citing *Hankins v. Fulcomer*, 941 F.2d 246 (3d Cir. 1991); *Harris v. Champion*, 938 F.2d 1062 (10th Cir. 1991) ("*Harris I*"). An inordinate delay can be as short as seventeen months. *See Sceifers v. Trigg*, 46 F.3d 701, 703 (7th Cir. 1995); *Dozie v. Cady*, 430 F.2d 637, 638 (7th Cir. 1970) (remanding a case for a hearing on whether a seventeen-month delay was justifiable). If a delay is inordinate, the court should consider whether the delay is attributable to the state and whether the delay is justifiable. *See Lane v. Richards*, 957 F.2d 363, 365 (7th Cir. 1992).

10. Courts in this district have previously recognized a rebuttable presumption of inordinate delay at the two-year mark. *See U.S. ex rel. Green v. Washington*, 917 F. Supp. 1238, 1277 (N.D. Ill. 1996) (citing *Harris v. Champion*, 47 F.3d 1127, 1132 (10th Cir. 1995) ("*Harris II*"). By any measure, since Mr. Logan's post-conviction petition was docketed at the state court level in June of 2015, he is at this two-year mark where this Court should consider whether the inordinate delay doctrine allows this Court to assess his unexhausted claims.

11. Mr. Logan recognizes that there have been some developments in his state court post-conviction proceedings since he filed his motion for leave to file a successive post-conviction petition in February of 2015. He also recognizes that his counsel has not lodged a

state court objection to the delays caused by the post-conviction DNA testing. However, it was not Mr. Logan's or his counsel's desire that these proceedings be stayed while the DNA testing is pending in this case. Mr. Logan and his counsel also recognize that at this point, there is no end in sight for the state court proceedings. The purpose of the pending DNA testing is to assist the Conviction Integrity Unit in assessing whether Mr. Logan is innocent. It will not result in a resolution of Mr. Logan's constitutional claims about Glenn Evans' pattern of misconduct, and those claims will have to be addressed following the completion of testing.

12. This Court may conclude that there is no inordinate delay because there has been some movement in Mr. Logan's proceedings over the last two years, but Mr. Logan respectfully submits that the delays in the state court proceedings have not been caused by petitioner's counsel's errors or dilatory behavior. *Cf. Lane v. Richards*, 957 F.2d at 365 (rejecting inordinate delay finding where delays were caused by petitioner's state court counsel request for continuances). Instead, they have been caused by the slow progress of the state court proceedings, by the state court's decision that this matter would be stayed while DNA testing was performed, and by the backlog at the Illinois State Police Crime Laboratory.

13. Some courts in this district addressing whether delay is attributable to the state have rejected an inordinate delay argument where there exists a pattern of continuances that were either asked for *or agreed to* by petitioner's counsel. *See, e.g., U.S. ex rel. Ferguson v. Chandler*, 2012 WL 1866360, at *8 (N.D. Ill. May 21, 2012) (recognizing inordinate delay is not a stand-alone constitutional claim for a habeas petitioner, but noting nonetheless that continuances in the state court proceedings were "either asked for or agreed to by Petitioner's counsel"); *U.S. ex. Rel. Bolden v. Walls*, 2010 WL 1752549, at *3 (N.D. Ill. April 30, 2010) (equating state court counsel's non-opposition to continuances with an "error" of counsel).

Petitioner acknowledges that in the state court proceedings in this matter and the continuances sought by the Conviction Integrity Unit and by the state court itself, while Petitioner's counsel did not ask for the continuances, neither did counsel object to those continuances or file pleadings seeking to move this matter forward while the DNA testing remains ongoing.[2] However, Petitioner respectfully asserts that this Court should reject this view of the inordinate delay analysis. Petitioner can find no decisions from the Seventh Circuit that treat a petitioner's counsel non-objection to the state's motion for a continuance, or the state court's statement that it is staying proceedings in a case to be attributable to the petitioner.

14.     Moreover, the purpose of the inordinate delay language in Section 2254 is to allow petitioner to still take advantage of a federal court remedy for unexhausted claims where the state court proceedings, due to delay, in effect deny a petitioner a meaningful opportunity to pursue his constitutional claims through a state court corrective process. 28 U.S.C. § 2254(b)(1)(B)(ii). This is the position that Mr. Logan now finds himself in with a projected release date in the fall of 2019, and with state court post-conviction proceedings that have stalled for the past two years. Mr. Logan chose to seek a stay of this habeas petition, knowing that would potentially delay this Court's ruling on his exhausted claims, because he wanted to avail himself of all opportunities to pursue his meritorious constitutional claims. Now, with those state court proceedings at a standstill and with the prospects of future movement limited, Mr. Logan again comes before this Court seeking an opportunity to move these proceedings forward. Because the state court proceedings have demonstrated that they are unlikely to lead to

---

[2] Petitioner also acknowledges that there were two statuses held in this matter, on April 10 and April 13, 2017, where the matter was set and where no one from Petitioner's organization or from the Conviction Integrity Unit appeared on the case due to miscommunications on both sides. The state court re-set the matter for May 5, 2017, and counsel for both sides appeared on that date.

exhaustion in the near future, Mr. Logan seeks the assistance of this Court to have meaningful process over his unexhausted claims.

## Conclusion

WHEREFORE, for the reasons stated above, Mr. Logan respectfully requests that this Court lift the stay of Mr. Logan's habeas petition and allow him to pursue relief for both his exhausted and unexhausted claims.


Respectfully Submitted,


/s/ Tara Thompson


Jon Loevy
Tara Thompson
David B. Owens
THE EXONERATION PROJECT
  at the University of Chicago Law School
6020 S. University Avenue
Chicago, IL 60637
(312) 789-4955
Counsel for Petitioner

DATE:  July 31, 2017

**<u>CERTIFICATE OF SERVICE</u>**

I, Tara Thompson, an attorney, certify that on July 31, 2017 I sent by electronic means a copy of the attached Motion for this Court to Lift the Stay and Allow Petitioner to Litigate His Unexhausted Claims to counsel of record through this Court's CM/ECF System.

<u>/s/ Tara Thompson</u>