IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America ex rel. | ) | |
| LEONARD LOGAN, | ) | |
| | ) | Case No. 12 CV 6170 |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NEDRA CHANDLER, Warden, | ) | |
| | ) | Judge Kennelly |
| Respondent. | ) | |

**STATUS REPORT
ON STATE COURT PROCEEDINGS**

NOW COMES Petitioner Leonard Logan, by and through his counsel, and Respondent Nedra Chandler, by and through her counsel, and presents the following status report on the state court proceedings in this case:

1. On August 3, 2017, this Court held a motion hearing on Petitioner's motion to lift the stay in this case. (Dckt. No. 94.) The Court entered and continued that motion in part so the Court could receive more information on the status of Mr. Logan's post-conviction proceedings which are now pending in state court. (Dckt. No. 97.)

2. Following that hearing, this Court entered an order directing the parties to file a status report on the current status of the DNA testing and the review by the Cook County State's Attorney's Office Conviction Integrity Unit of Mr. Logan's case. (Dckt. No. 98.)

3. Mr. Logan's case was set for a status in the Circuit Court of Cook County on August 31, 2017, and the undersigned counsel for Mr. Logan (Tara Thompson) appeared. The state court judge was absent and Ms. Thompson set the matter over for Tuesday, September 5, 2017. On that

date, counsel again appeared. The attorney from the Conviction Integrity Unit assigned to this case, Brian Boersma, did not appear, but Ms. Thompson spoke to him elsewhere in the building on that date prior to appearing on Mr. Logan's case. Mr. Boersma informed Ms. Thompson that he would no longer be appearing in the state court proceedings because it was now the policy of the Conviction Integrity Unit not to appear on cases that had pending post-conviction proceedings; it is Ms. Thompson's understanding that the Conviction Integrity Unit now intends its investigations to proceed wholly separately from any court proceedings. Mr. Boersma informed Ms. Thompson on that date that he did not have further updates about the DNA testing. Mr. Boersma also informed Ms. Thompson that following the DNA testing results, the Conviction Integrity Unit would complete its investigation in short order.

4. Based on her conversations with Mr. Boersma, Ms. Thompson appeared on Mr. Logan's case with an attorney from the State's Attorney's Office Post-Conviction Unit. Ms. Thompson informed the court that because the Conviction Integrity Unit was no longer appearing on Mr. Logan's case, and because the DNA testing was of unknown status, it did not make sense for Mr. Logan's case to be further delayed. Ms. Thompson requested that the Court order the State's Attorney's Office to answer Mr. Logan's petition so that the post-conviction matter could proceed. The court agreed, and ordered the state to answer or otherwise respond to Mr. Logan's post-conviction petition by December 20, 2017. Ms. Thompson contended that the state should be given less time to respond, but the court set December 20 as the next court date on the motion of the state. This was explicitly not an agreed court date.

5. Following the court date, Ms. Thompson spoke to Mr. Boersma and was advised that the DNA testing had not yet occurred because there was some miscommunication about whether or not the Illinois State Police Crime Lab had the authority to consume any DNA testing samples. Mr. Boersma advised Ms. Thompson that this issue had been resolved and that he would attempt to expedite the DNA testing. Ms. Stotts has also had conversations with Mr. Boersma about these

issues and was advised that the testing was being rushed and that results were expected by the end of December.

6. At this time, the parties still have no anticipated date by which the state court proceedings will conclude.

Respectfully Submitted,

/s/ Tara Thompson /s/ Retha Stotts

Jon Loevy  
Tara Thompson  
David B. Owens  
THE EXONERATION PROJECT  
  at the University of Chicago Law School  
6020 S. University Avenue  
Chicago, IL 60637  
(312) 789-4955  
Counsel for Petitioner

Retha Stotts  
Assistant Attorney General  
100 West Randolph Street, 12th Floor  
Chicago, Illinois 60601-3218  
(312) 814-0010 (tel)  
(312) 814-2253 (fax)  
Counsel for Respondent

DATE: October 2, 2017

## **CERTIFICATE OF SERVICE**

      I, Tara Thompson, an attorney, certify that on October 2, 2017, I sent by electronic means a copy of the attached Status Report on State Court Proceedings, to counsel of record through this Court's CM/ECF System.

                                                    /s/Tara Thompson