**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America ex rel. | ) | |
| LEONARD LOGAN, | ) | |
| | ) | Case No. 12 CV 6170 |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NEDRA CHANDLER, Warden, | ) | |
| | ) | Hon. Judge Kennelly |
| Respondent. | ) | |

**PETITIONER LEONARD LOGAN'S
MOTION TO VOLUNTARILY DISMISS
THE ADDITIONAL CLAIMS RAISED IN HIS AMENDED
PETITION FOR A WRIT OF HABEAS CORPUS AND LIFT THE STAY**

NOW COMES Petitioner Leonard Logan, by and through his counsel The Exoneration

Project, and files this motion to voluntarily dismiss the additional constitutional claims raised in

his amended habeas petition (Dckt. No.76) and revert his petition to the claims raised in his

initial habeas petition (Dckt. No. 1). In support, Petitioner states as follows:

1.      Petitioner filed his initial petition for a writ of habeas corpus in this case in 2012

(Dckt. No. 1), raising a number of claims that centered around his assertion that his trial attorney

was constitutionally ineffective for promising but failing to deliver an alibi defense at trial.  This

Court dismissed other of Petitioner's claims but granted Petitioner a hearing on that core

ineffective assistance of counsel issue. (Dckt. No. 41.)

2.      This Court held an evidentiary hearing on that claim in 2014, but before the Court

could rule, Petitioner discovered additional evidence related to misconduct by one of the police

officers involved in Petitioner's arrest.  Petitioner sought and received leave from this Court to

amend his habeas petition, and to stay these proceedings while a post-conviction petition raising those issues proceeded through the Illinois state courts. (Dckt. No. 75.)

3.      As this Court is well aware, the Illinois state court proceedings have crawled forward for years with no end in sight.  Petitioner believes strongly in the merits of the additional claims raised in his amended petition, but he also recognizes the need for finality in these habeas proceedings and the opportunity to receive a ruling from this Court on the claims he has exhausted and that this Court heard at the 2014 evidentiary hearing.

4.      It is Petitioner's desire at this stage of these proceedings to voluntarily dismiss the unexhausted claims raised in his amended petition.  The result of this dismissal would be to revert his petition to the claims raised in his initial habeas petition.

5.      Based on this voluntary dismissal, the stay this Court entered back in 2015 (Dckt. No. 78) is moot, and Petitioner requests this Court lift that stay.  The lifting of the stay would allow this Court to rule, at its convenience, on the issues raised in Petitioner's evidentiary hearing, which have been fully briefed before the Court. (Dckt. Nos. 63, 65-66.)

## Conclusion

WHEREFORE, Petitioner respectfully requests that this Court grant this motion to voluntarily dismiss the additional constitutional claims raised in Petitioner's amended habeas petition (Dckt. No.76), thus reverting the petition to the original claims raised in his initial habeas petition. (Dckt. No. 1.)  Based on that dismissal, this Court should lift the stay of this matter and, at the Court's convenience, rule on Petitioner's exhausted claims.

Respectfully Submitted,


/s/ Tara Thompson

Jon Loevy
Tara Thompson
David B. Owens
Karl Leonard
THE EXONERATION PROJECT
  at the University of Chicago Law School
6020 S. University Avenue
Chicago, IL 60637
(312) 789-4955
Counsel for Petitioner

## CERTIFICATE OF SERVICE

I, Tara Thompson, an attorney, certify that on February 19, 2020, I sent by electronic means a copy of the attached Petitioner's Motion to Voluntarily Dismiss to counsel of record through this Court's CM/ECF System.

/s/Tara Thompson